

# NUMBER 13-19-00341-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TOMMY ELI CABELLO,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

### On appeal from the 214th District Court
### of Nueces County, Texas.

## ORDER OF ABATEMENT

### Before Chief Justice Contreras and Justices Longoria and Hinojosa
### Order Per Curiam

This cause is before the Court on the reporter's failure to timely file a complete record. The reporter's record in this cause was due on December 16, 2019. On February 18, 2020, the Clerk of the Court notified the reporter the record was incomplete and missing State's exhibits 13, 14, 15, 16, 17, 18, and 19 and provided ten days to respond or file the missing exhibits.   On March 3, 2020, the Clerk of the Court notified the reporter

these exhibits were still not received. Thereafter, on the same day, the reporter filed State's exhibits 17 and 18 and defendant's exhibit 11. The reporter advised she was unable to file the remaining exhibits and believes the files are corrupt. The Clerk of Court has learned the trial court reporter is on a medical leave until April.

This sequence of events requires us to effectuate our responsibility to avoid further delay and to preserve the parties' rights. *See* TEX. R. APP. P. 37.3(a)(1). Accordingly, this appeal is ABATED and the cause REMANDED to the trial court.

In accordance with Texas Rule of Appellate Procedure 34.6(b), the trial court is directed to conduct a hearing or otherwise to determine: (1) if the appellant has timely requested a reporter's record; (2) if, without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or - if the proceedings were electronically recorded - a significant portion of the recording has been lost or destroyed or is inaudible; (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost and destroyed exhibit, is necessary to the appeal's resolution; (4) if the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit; and (5) if exhibits are not lost, destroyed, or inaudible what is the earliest date they can be filed with this court. *See* TEX. R. APP. P. 34.6(f).

The trial court is directed to forward the record of the proceedings, including any orders and findings, to this Court within thirty (30) days of the date of this order, or to

notify this Court within such period indicating a date by which the trial court can comply.

IT IS SO ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of March, 2020.

3